Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Nelson A. Campbell (SBN 357579)
ncampbell@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Susan Nicholson Hofheinz, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ECHELON STUDIOS, INC., a Delaware corporation; FUTURE TODAY, INC., d/b/a Fawesome.tv, a Delaware corporation; PLEX, INC., a Delaware corporation; VERSANT MEDIA GROUP, INC., d/b/a Fandango, a Pennsylvania corporation; PLAY NOW MEDIA, LLC, d/b/a Trashy Horror Movies, a Connecticut limited liability company; and DOES 1-20, inclusive.<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT; and<br>2. VICARIOUS COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff Susan Nicholson Hofheinz ("Hofheinz"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION & VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a) because each Defendant is subject to personal jurisdiction in this district and this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Susan Nicholson Hofheinz ("Hofheinz") is an individual residing in California.

5. Upon information and belief, at all relevant times, Defendant Echelon Studios, Inc. ("Echelon") is a Delaware corporation with its principal place of business located at 3500 South Dupont Highway, Suite 300, Dover, DE 19901. Echelon holds itself out as, and upon information and belief is, doing business in and with California and this judicial district.

6. Hofheinz is informed and believes and thereon alleges that Defendant Future Today, Inc., doing business as Fawesome.tv ("Future Today"), is a Delaware corporation with its principal place of business located at 3705 Haven Ave, Suite 133, Menlo Park, CA 94025. Upon information and belief, Future Today does business in and with California and this judicial district, and has written agreements regarding the exploitation of certain Subject Videos (defined below) with entities located in this judicial district, including Echelon.

7. Hofheinz is informed and believes and thereon alleges that Defendant Plex, Inc. ("Plex") is a Delaware corporation with its principal place of business located at 449 North Santa Cruz Avenue, Los Gatos, CA 95030. Upon information and belief, Plex has written agreements regarding the exploitation of certain Subject Videos with entities located in this judicial district, including Echelon.

8. Hofheinz is informed and believes and thereon alleges that Defendant Versant Media Group, Inc., doing business as Fandango ("Versant"), is a Pennsylvania corporation with its principal place of business located at 229 West 43rd Street, New York, NY 10036. Versant is registered with the California Secretary of State and maintains agents for service of process in this judicial district. Upon information and belief, Versant has written agreements regarding the exploitation of certain Subject Videos with entities located in this judicial district, including Echelon.

9. Hofheinz is informed and believes and thereon alleges that Defendant Play Now Media, LLC, doing business as Trashy Horror Movies ("Play Now"), is a Connecticut limited liability company with its principal place of business located at 378 Church Hill Road, Fairfield, CT 06825. Upon information and belief, Play Now is doing business in and with California and this judicial district, and has written agreements regarding the exploitation of certain Subject Videos with entities located in this judicial district, including Echelon.

## **RELEVANT BACKGROUND**

10. Hofheinz is the exclusive owner of the rights in and to several horror films, including "IT Conquered The World," "Invasion Of The Saucer Men," "The Amazing Colossal Man," and "I Was a Teenage Frankenstein" (the "Subject Videos").

11. Prior to the conduct alleged herein, the Subject Videos were registered with the United States Copyright Office.

12. Hofheinz is informed and believes and thereon alleges that Defendants, and each of them, distributed, displayed, or otherwise exploited the Subject Videos, or derivatives of certain Subject Videos, without license or authorization from Hofheinz.

13. Upon information and belief, Future Today displayed, distributed, or otherwise used “IT Conquered the World,” “Invasion of the Saucer Men,” “The Amazing Colossal Man,” and “I Was a Teenage Frankenstein” on its commercial website(s) without Hofheinz’s authorization. Future Today also displayed, distributed, or otherwise used the films “Eye Creatures,” which is a derivative of “Invasion of the Saucer Men,” and “ZONTAR the Thing from Venus,” which is a derivative of “IT Conquered the World,” on its commercial website(s) without license or authorization from Hofheinz.

14. Upon information and belief, Play Now Media displayed, distributed, or otherwise used “IT Conquered the World,” “Invasion of the Saucer Men,” and “I Was a Teenage Frankenstein” on its commercial website(s) without Hofheinz’s authorization. Upon information and belief, Play Now Media also displayed, distributed, or otherwise used the film “Eye Creatures,” which is a derivative of “Invasion of the Saucer Men,” on its commercial website(s) without license or authorization from Hofheinz.

15. Upon information and belief, Plex displayed, distributed, or otherwise used the films “Eye Creatures,” which is a derivative of “Invasion of the Saucer Men,” and “ZONTAR the Thing from Venus,” which is a derivative of “IT Conquered the World,” on its commercial website(s) without Hofheinz’s authorization.

16. Upon information and belief, Versant displayed, distributed, or otherwise used the film “ZONTAR the Thing From Venus,” which is a derivative of “IT Conquered the World,” on its commercial website(s) without license or authorization from Hofheinz.

17. Upon information and belief, Echelon distributed the films “Invasion of the Saucer Men,” “IT Conquered The World,” “I Was a Teenage Frankenstein,” “Eye Creatures,” and “ZONTAR the Thing from Venus” to Future Today, Play Now Media, Plex, and Versant and authorized them to display, distribute, or otherwise exploit the abovementioned works without license or authorization from Hofheinz.

18. Hofheinz is informed and believes that Defendant Echelon distributed the Subject Videos to Defendants Future Today, Plex, Versant, and Play Now for use without license or authorization from Hofheinz.

19. To the extent that Defendants, and each of them, exploited the Subject Videos more than three years before the filing of this case, Hofheinz did not know, and had no reason to know, of such infringing exploitations.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each, by Hofheinz)**

20. Hofheinz repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

21. Hofheinz owns several original films registered with the U.S. Copyright Office.

22. The Subject Videos are original works, embodying copyrightable subject matter, and are therefore subject to the full protection of the United States’ copyright laws (17 U.S.C. § 101 *et seq*.).

23. Following publication of the Subject Videos, Hofheinz discovered that Echelon, Future Today, Plex, Versant, and Play Now displayed, sold, offered for sale, distributed, published, and/or authorized the foregoing, certain Subject Videos, infringing Hofheinz’s copyrights in those Subject Videos (“Unauthorized Displays”) on various sites and outlets.

24. Hofheinz is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Videos, which were first released in the

1950s, and had access through Echelon. Access is also established by way of striking similarity, if not virtual identicality.

25. Hofheinz is informed and believes and thereon alleges that Echelon has an ongoing business relationship with Future Today, Plex, Versant, and Play Now.

26. Due to Defendants', and each of their, acts of infringement, Hofheinz has suffered substantial damages, including, without limitation, lost profits and lost licensing revenue, in an amount to be established at trial.

27. Due to Defendants' acts of infringement, Hofheinz has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement. As such, Hofheinz is entitled to disgorgement of Defendants', and each of their, profits attributable to Defendants' infringement in an amount to be established at trial.

29. Hofheinz is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per work infringed. Within the time permitted by law, Hofheinz will make her election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

**(For Vicarious Copyright Infringement – Against Echelon by Hofheinz)**

30. Hofheinz repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

31. Upon information and belief, Echelon distributed "IT Conquered the World," "Invasion of the Saucer Men," "I Was a Teenage Frankenstein," "Eye

Creatures," and "ZONTAR the Thing from Venus" to third parties, including Future Today, Plex, Versant, and Play Now, and authorized them to display, sell, offer for sale, and/or distribute Unauthorized Displays, infringing Hofheinz's rights in "IT Conquered the World," "Invasion of the Saucer Men," and "I Was a Teenage Frankenstein."

32. Upon information and belief, Echelon has the right and ability to supervise or control those third parties' directly infringing activities. For instance, Echelon distributed and/or authorized the distribution of "IT Conquered the World," "Invasion of the Saucer Men," and "I Was a Teenage Frankenstein" to third parties. As alleged above, Echelon did so pursuant to licensing or other agreements with those third parties that grant Echelon the right and ability to supervise or control those third parties' further display, publication, distribution and/or other use of "IT Conquered the World," "Invasion of the Saucer Men," and "I Was a Teenage Frankenstein"—e.g., under those agreements, upon demand by Echelon and/or its representatives, the third party must cease and desist from its use of "IT Conquered the World," "Invasion of the Saucer Men," and "I Was a Teenage Frankenstein."

33. Upon information and belief, Echelon directly and substantially financially benefits from those third parties' directly infringing activities. For instance, Echelon directly and substantially financially benefits from those third parties' further display, sale, offer for sale, and/or distribution of "IT Conquered the World," "Invasion of the Saucer Men," and "I Was a Teenage Frankenstein" pursuant to its licensing and other agreements with them—e.g., under those agreements, Echelon earns revenue from the license and/or a share of the revenue from the display of the Unauthorized Displays by the third party.

34. Upon information and belief, Echelon failed to exercise its right and ability to supervise or control those third parties' directly infringing activities. For instance, Echelon has failed to exercise its right and ability to stop or limit the further display, publication, and/or distribution of "IT Conquered the World," "Invasion of

the Saucer Men," and "I Was a Teenage Frankenstein" by those third parties—e.g., Echelon has failed to demand that the third party cease and desist display of all Unauthorized Displays and instead continued to directly and substantially financially benefit from those third parties' display and sale of the Unauthorized Displays and thus directly infringing Hofheinz's rights in the same.

35. This renders Echelon vicariously liable for the direct infringement of those third parties.

36. Due to Echelon's acts of vicarious copyright infringement, Hofheinz has suffered damages in an amount to be established at trial.

37. Due to Echelon's acts of vicarious copyright infringement, it has obtained profits that it would not otherwise have realized but for its infringement of the Subject Videos. As such, Hofheinz is entitled to disgorgement of Echelon's profits attributable to Echelon's infringement in an amount to be established at trial.

38. Upon information and belief, Echelon's conduct as alleged herein was done with actual or constructive knowledge of, and/or reckless disregard or willful blindness for, Hofheinz's rights in the Subject Videos, such that Echelon's vicarious infringements were willful.

## PRAYER FOR RELIEF

Wherefore, Hofheinz prays for judgment as follows:

### Against Defendants

### With Respect to Each Claim for Relief

a. That Hofheinz be awarded all of Defendants' (and each of their) profits plus all losses of Hofheinz attributable to Defendants' infringements, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 504, et seq., to the extent that they are available;

b. That Hofheinz be awarded her statutory damages and attorneys' fees to the extent they are available under the Copyright Act, 17 U.S.C. § 505, et seq.;

c. That Defendants account to Hofheinz for their profits and any damages sustained by Hofheinz arising from the foregoing acts of infringement;

d. That Hofheinz be awarded the costs of this action;

e. That Hofheinz be awarded pre- and post- judgment interest as allowed by law; and

f. That Hofheinz be awarded such further legal and equitable relief as the Court deems proper.

**JURY DEMAND**

Hofheinz demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 26, 2026

By: *<u>/s/ Nelson A. Campbell</u>*
Trevor W. Barrett, Esq.
Nelson A. Campbell, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*